**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TERRANCE BRUNSON,** *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-CV-5117** |
| | : | |
| **THE DELAWARE COUNTY OFFICE OF JUDICIAL RECORDS/ PROTHONOTARY, *et al.*,** *Defendants.* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J. SEPTEMBER 29, 2026

*Pro se* Plaintiff Terrance Brunson filed this civil action pursuant to 42 U.S.C. § 1983, naming as Defendants the Delaware County Office of Judicial Records/Prothonotary and "Ms. Walk in her individual capacity as clerk."[1] He also seeks leave to proceed *in forma pauperis*. For the reasons set forth, the Court will grant Brunson leave to proceed *in forma pauperis* and will dismiss his Complaint on statutory screening pursuant to 28 U.S.C. § 1915.

## I. FACTUAL ALLEGATIONS[2]

Brunson's Complaint arises from a Pennsylvania state court landlord-tenant matter. He asserts that he "holds an absolute, continuous 13-year physical possession and Color of Title over

---

[1] The Court infers that Brunson intends to name Mary Walk and the Delaware County Office of Judicial Support ("OJS"), of which Walk is the Director. The OJS website explains that it combines the functions previously performed by the County Clerk and the Office of the Prothonotary. *See* https://www.delcopa.gov/ojs (last viewed: Sept. 28, 2026).

[2] The facts set forth in this Memorandum are taken from Brunson's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1230 Ward Street (Apartment A) under an active contract and Affidavit of Possession, and Rent Lease at $0.00 dollars monthly and one signature." (Compl. ¶ 5.) On August 13, 2024, non-party Hillside Manor LP filed landlord-tenant proceedings against Brunson in the Delaware County Magisterial District Court, which ultimately issued, on August 22, 2024, an eviction order against Brunson. *See Hillside Manor LP, Chaim Puretz Gen PTR v. Terrance Brunson*, MJ-32122-LT-0000238-2024 (M.J. Delaware). Brunson timely appealed the eviction order to the Delaware County Court of Common Pleas, after which Hillside Manor filed an ejectment action in the Court of Common Pleas.[3] *See Hillside Manor LP, Chaim Puretz Gen PTR v Terrance Brunson,* CV 2024-007533 (C.P. Delaware). On November 6, 2025, following a non-jury trial, the Court of Common Pleas ruled for the plaintiffs, awarded possession of the property to them, and issued an order requiring Brunson to vacate the premises by December 21, 2025. *See id*. On November 10, 2025, Brunson appealed that order to the Superior Court of Pennsylvania and filed two emergency motions for supersedeas without bond. *See id*.; *see also Hillside Manor LP, Chaim Puretz Gen PTR vs. Terrance Brunson*, 2882 EDA 2025 (Pa. Super. Ct.). Brunson filed a third emergency motion for supersedeas without bond on November 17, 2025. *See Brunson*, CV 2024-007533. On December 23, 2025, the plaintiffs filed a praecipe for a writ of possession of 1230 Ward Street, Apartment A. *Id.* On December 30, 2025, the Court of Common Pleas issued the writ of possession. *Id.*

On February 3, 2026, the Superior Court quashed Brunson's appeal as premature because judgment had not yet been entered in the Court of Common Pleas and because he had failed to preserve any issues for appeal by filing a post-trial motion under Pa. R. Civ. P. 227.1. *See Brunson*,

[3] After a tenant appeals a judgment from a magisterial district court, the landlord is required to file a complaint in the court of common pleas, *see* 246 Pa. Code § 1004(B), and "the proceeding on appeal shall be conducted *de novo* in accordance with the Pennsylvania Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas," § 1007(A).

2882 EDA 2025. Upon remand to the Court of Common Pleas, Brunson filed an "Emergency Motion to Vacate Void Judgment Ab Initio and Stay Writ of Possession with Prejudice." *See Brunson*, CV 2024-007533. After the court denied the motion, Brunson again appealed to the Superior Court. *See Hillside Manor LP, Chaim Puretz Gen PTR vs. Terrance Brunson*, No. 1344 EDA 2026 (Pa. Super. Ct.) On July 17, 2026, the Superior Court dismissed the appeal as legally insufficient. *Id.*

Brunson has previously filed civil litigation in this Court challenging the landlord-tenant proceedings that resulted in his ejectment from 1230 Ward Street, Apartment A, including suing the Court of Common Pleas judge who handled the case, the Delaware County Sheriff, and the plaintiffs.[4] His focus in *this* action appears to be on the role of the OJS and Director Walk in his ejectment. Brunson asserts that four days after judgment was entered against him in the Court of Common Pleas on November 6, 2025, he filed a timely Motion for Post-Trial Relief under Pa. R. Civ. P. 227.1.[5] (Compl. ¶ 6.) He states that, "[u]nder established Pennsylvania civil procedure, a timely filed Rule 227.1 motion strictly stays the entry of a final judgment, rendering the trial record completely unadjudicated, open, and unfinalized." (*Id.* ¶ 7.) Brunson alleges that, "[d]espite having actual and constructive notice via the electronic docket that the record was wide open, the Defendants engaged in a non-discretionary, ministerial act by processing a raw praecipe and

---

[4] *See Brunson v. Whelan*, No. 25-7361. On January 7, 2026, this Court dismissed Brunson's case for failure to state a claim on statutory screening. *See Brunson v. Whelan*, No. 25-7361, 2026 WL 67585 (E.D. Pa. Jan. 7, 2026). The United States Court of Appeals for the Third Circuit affirmed. The dismissal. *See Brunson v. Whelan*, No. 26-1103, 2026 WL 2186305 (3d Cir. July 29, 2026).

[5] In fact, while Brunson filed multiple emergency motions for supersedeas on November 10, 2025, the docket does not reflect that he filed a post-trial motion pursuant to Pa. R. Civ. P. 227.1 prior to filing a notice of appeal. *See Brunson*, CV 2024-007533. As the Superior Court of Pennsylvania noted in its February 3, 2026 Order quashing Brunson's appeal, "[t]he trial court docket reflects that Appellant failed to file any post-trial motions following entry of the decision . . . Therefore, it appears that no issues have been preserved for appeal." *Brunson*, 2882 EDA 2025 (citations omitted).

unlawfully generating a physical Writ of Possession on an unfinalized record[.]" (*Id.* ¶ 8.) On May 12, 2026, the Delaware County Sheriff's Department, "relying entirely on the unauthorized writ generated by Defendants, executed a physical lockout, stripping Plaintiff of his 13-year residence at Apartment A." (*Id.* ¶ 9.) He notes that both the Court of Common Pleas and the Superior Court acknowledged that no final judgment had been entered in the case prior to issuing the writ of possession, rendering the writ invalid. (*Id.* ¶¶ 10-11.) As a result of what he contends was an illegal lockout, Brunson was left homeless, and his personal property and former home allegedly suffered severe damage, including the destruction of structural support timbers, toxic mold growth, and destruction of furniture and other belongings. (*Id.* ¶¶ 12-14.)

Based on the above allegations, Brunson asserts a Fourteenth Amendment procedural due process claim and a claim for "reckless indifference to higher court authority." (*Id.* ¶¶ 16-17.) He seeks compensatory and punitive damages, and "damages for mental anguish and emotional trauma." (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court will grant Brunson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as

true, draw all reasonable inferences in Brunson's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Brunson asserts his federal constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Claims Against OJS

Brunson's claims against OJS may not proceed because the department is part of the state's Unified Judicial System and the claims are, thus, barred by Eleventh Amendment immunity. "Although in Pennsylvania prothonotaries and clerks of courts are nominally designated as officials of their respective county . . . , they are actually officials of Pennsylvania's courts." *O'Neal v. Bedford Cnty.*, No. 16-62, 2017 WL 244866, at *4 (W.D. Pa. Jan. 19, 2017) (citing 42 Pa. Cons. Stat. §§ 2731(a), 2751(a), §§ 2737(5), 2757(5) and *Brown v. Levy*, 73 A.3d 514, 519 (Pa. 2013)). "Pennsylvania's courts are state rather than local entities." *Id.* (citing *Callahan v. City of Phila.*, 207 F.3d 668, 672 (3d Cir. 2000)); *Benn v. First Judicial District*, 426 F.3d 233,

241 (3d Cir. 2005); and *Brown*, 73 A.3d at 519). Because OJS is part of the Delaware County Court of Common Pleas, which is an entity within the Unified Judicial System of Pennsylvania, it shares in the Commonwealth's Eleventh Amendment immunity. *See*, *e.g.*, *Benn*, 426 F.3d at 241 (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). And because the Commonwealth has not waived its Eleventh Amendment immunity, Brunson's claims against OJS may not proceed and will be dismissed without prejudice. *See Merritts v. Richards*, 62 F.4th 764, 769 (3d Cir. 2023) (holding that claims needed to be dismissed on Eleventh Amendment grounds should be without prejudice).

**B. Claims Against Walk**

Brunson's claims against Walk are also barred on immunity grounds. Courts have held that clerks of court and clerk's office employees enjoy absolute quasi-judicial immunity when acting in a judicial capacity or in accordance with judicial direction. *See Elkabany v. Shapiro*, No. 25-3510, 2026 WL 1746956, at *2 (3d Cir. June 17, 2026) (*per curiam*) (affirming dismissal of claims against the "Salem County Court Staff" and other "unnamed" court personnel involved in plaintiff's divorce proceedings as barred by quasi-judicial immunity (citing *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000)); *Nemeth v. Off. of Clerk of Superior Ct. of N.J.*, 837 F. App'x 924, 928 (3d Cir. 2020) (*per curiam*) (affirming dismissal of claims against Clerk of the Superior Court who signed facially valid writs of execution and possession related to the foreclosure of property because clerk was entitled to absolute quasi-judicial immunity for her actions taken in her capacity as the Clerk of the Superior Court); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (*per curiam*) ("[A]ctions taken by those charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity."); *see also Harris v. Cashman*, No. 20-528, 2021 WL 602679, at *5 (W.D. Pa. Feb. 16, 2021) ("The

doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." (quoting *Stout v. Naus*, No. 09-0380, 2009 WL 1794989, at *3 (M.D. Pa. June 23, 2009))).

Even if Walk's office issued a writ of possession before Brunson contends it should have, Walk is nevertheless entitled to absolute quasi-judicial immunity for signing the writ because she was acting in a judicial capacity pursuant to Pennsylvania law when doing so. *See* 210 Pa. Code § 65.2 (enumerating the duties and responsibilities of prothonotaries, which include "issuing, processing, and entering judgments and orders at the direction of the Court"); *see also* Pa. R. Civ. P. 3254 (explaining that a praecipe for a writ of possession in an ejectment action should be directed to the prothonotary of the Superior Court); *see Shipley v. First Fed. Sav. & Loan Ass'n of Delaware*, 619 F. Supp. 421, 438 (D. Del. 1985) (finding a prothonotary immune to suit based on her entry of default judgment on a writ for which service was constitutionally defective, because "she was functioning in a judicial capacity" pursuant to Delaware state law when entering the default judgment); *see also Darby v. 120 Northampton, LLC*, No. 24-5421, 2025 WL 2776182, at *13 (E.D. Pa. Sept. 26, 2025) (dismissing on immunity grounds § 1983 claims against a prothonotary and deputy prothonotary for issuing a writ of possession that was "facially valid" but allegedly did not comply with the Pennsylvania Rules of Civil Procedure); *see also id*. ("Any legal questions about the actual legal validity of the Confession of Judgment and Writ of Possession must be resolved by the courts—not the Prothonotary or the parties."). Accordingly, the claims against Walk are dismissed because she is entitled to absolute quasi-judicial immunity for issuing a writ of possession pursuant to her duties under Pennsylvania state law.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Brunson leave to proceed *in forma pauperis* and dismiss his Complaint because all Defendants are immune to suit. The claims against the Office of Judicial Support are dismissed without prejudice based on Eleventh Amendment immunity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The claims against Mary Walk are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). An Order follows, dismissing this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*